

ENTERED
03/04/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| IN RE: | § | CASE NUMBER: |
|---|---|---|
| | § | |
| DARIAN BUTLER | § | 19-30007 (MI) |
| | § | (Chapter 13) |
| DEBTOR | § | |

### AGREED ORDER SANCTIONING ROBERT W. BERLETH

CAME ON for consideration the Order Suspending Electronic Filing Privileges. This Agreed Order is made between (i) Robert W. Berleth ("Berleth"), (ii) David Peake, the Chapter 13 Trustee, and (iii) the Acting United States Trustee (collectively referred to as the "Parties") on the basis of the following stipulations of facts and law:

1.  The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334011 U.S.C. §§ 105(a), 329(b), 526, 527, and 528"cr r n{ "\q'\j ku'r tqeggf kpi .  This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this district under 28 U.S.C. § 1408.

3.  The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Parties consent to the entry of a final order or judgment by this Court in this matter.

4.  Berleth is an attorney licensed to practice law in the State of Texas and a member of the bar of this Court. He provided "bankruptcy assistance," as that term is defined under 11 U.S.C. § 101(4)(A), to debtors in various bankruptcy cases, as set forth below:

| Debtor | Case No. | District | Chapter | Date Filed | Status |
|---|---|---|---|---|---|
| Afaf Ali Ahmad | 18-37392 | (S.D. Tex.) | 11 | 12/31/2018 | Case dismissed on 2/1/2019. |
| Darian Butler | 19-30007 | (S.D. Tex.) | 13 | 01/01/2019 | Pending. |

| Leonel Botello | 19-30032 | (S.D. Tex.) | 13 | 01/02/2019 | Pending. |

5.      The debtors identified above, with the exception of Afaf Ali Ahmad, are individuals whose debts consist primarily of consumer debts and the value of whose non-exempt property is less than $192,450, and therefore are "assisted persons" under 11 U.S.C. § 101(3).

6.      Berleth is a "debt relief agency" under 11 U.S.C. § 101(12)(A).

7.      Berleth, his agents, employees, and all other persons in active concert and participation with Berleth assisted the debtors with the preparation of the documents filed in the bankruptcy cases directly or indirectly through Synergy Law, LLC ("Synergy Law").

8.      Berleth is an attorney with Berleth & Associates, PLLC ("Berleth & Associates").  On October 10, 2018, Berleth & Associates and Synergy Law entered into an agreement whereby Berleth & Associates would provide bankruptcy assistance.  Synergy Law is not a member, partner, or regular associate of Berleth & Associates.  Pursuant to the agreement, Synergy Law would collect the fees from clients and prepare the paperwork, and then would pay Berleth & Associates in accordance with their agreement.

9.      The agreement between Berleth & Associates and Synergy Law applied to the chapter 13 bankruptcy cases involving debtors Darian Butler and Leonel Botello.

10.     Berleth provided his CM/ECF login and password to Synergy Law.  Synergy Law used Berleth's CM/ECF login and password to file documents in the three (3) bankruptcy cases.

11.     Berleth terminated the agreement with Synergy Law.

12.     Debtor Afaf Ali Ahmad paid Berleth the sum of $4,000.00 in connection with Case No. 18-37392.  Berleth has not received any payment from Synergy Law or from the debtors Darian Butler and Leonel Botello in connection with their chapter 13 bankruptcy cases.

13.     The Court heard testimony regarding these matters on January 15, February 1, and

February 4, 2019.  The Court entered (i) the Order to Appear, (ii) the Order Requiring Synergy Law, LLC, to Show Cause Why Synergy Law Should Not Be Sanctioned for Violating 11 U.S.C. §§ 526, 527, and 528, and Barred From the Unauthorized Practice of Law in this State and Order Requiring Robert Berleth to Show Cause Why His CM/ECF Filing Privileges Should Not Be Suspended, (iii) the Order Suspending Electronic Filing Privileges, and (iv) Temporary Restraining Order.  *See* Case No. 19-30007, Dkt. Nos. 15, 43, 45, and 46.  Any findings of fact and conclusions of law in said Orders are adopted for purposes of this Agreed Order.

NOW THEREFORE, the Parties hereby stipulate and good cause appearing for the entry of this Agreed Order, it is hereby

**ORDERED** that:

a. Robert W. Berleth is hereby permanently enjoined from filing any bankruptcy petitions on behalf of debtors in the Southern District of Texas for a period of one year from the date of entry of this Agreed Order.

b. Robert W. Berleth's CM/ECF filing privileges are hereby suspended for a period of sixty (60) days from the date of entry of this Agreed Order.  The Clerk of Court is hereby directed to suspend Robert W. Berleth's CM/ECF Account for said period.  Robert W. Berleth will retain his PACER Account and will be permitted to file documents over the counter with the Clerk of the Bankruptcy Court.

c. Robert W. Berleth, no later than thirty (30) days after entry of this Agreed Order, shall return the sum of $4,000.00 via cashier's check or money order to Afaf Ali Ahmad.  If the cashier's check or money order is returned for any reason or is not cashed within two (2) months of issuance, Robert W. Berleth shall deposit into the Court's Registry those monies within thirty (30) days and shall give notice to the Acting United States Trustee of such amount deposited into the Court's

Registry and the name and address of Afaf Ali Ahmad whose cashier's check or money order was returned or not cashed.

d.      Robert W. Berleth, no later than five (5) days after entry of this Agreed Order, shall retake the course for CM/ECF users.

e.      Robert W. Berleth, no later than six (6) months after entry of this Agreed Order, shall complete five (5) hours of Continuing Legal Education courses approved by the State Bar of Texas on the subject of professional ethics.

f.      Robert W. Berleth shall file with this Court a certificate of compliance with the terms c, d and e of this Agreed Order.

g.      The failure of Robert W. Berleth to comply with the terms of this Agreed Order may result in orders to compel compliance.

h.      This Court shall retain jurisdiction over this matter in order to ensure that its terms are carried out, and that should Robert W. Berleth fail to comply with the terms of this Agreed Order, the Acting United States Trustee shall be permitted to seek additional remedies against Robert W. Berleth, including, but not limited to, civil contempt.

Signed: March 04, 2019

_____
Marvin Isgur
United States Bankruptcy Judge

AGREED TO AS TO FORM AND SUBSTANCE:

ADELITA CAVADA LAW

By: /s/ Adelita Cavada with permission by Hector Duran
    Adelita Cavada
    Texas Bar No. 24084882
    10004 Wurzbach Road, # 159
    San Antonio Texas  78230
    Telephone:  (210) 880-5299
    Fax:   (833) 851-3160

COUNSEL FOR ROBERT W. BERLETH

HENRY G. HOBBS, JR.
ACTING UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By: /s/ Hector Duran
    Hector Duran
    Trial Attorney
    Texas Bar No. 00783996/Fed. I.D. No. 15243
    515 Rusk, Suite 3516
    Houston, Texas  77002
    Telephone:  (713) 718-4650 x 241
    Fax:   (713) 718-4670

COUNSEL FOR THE ACTING UNITED STATES TRUSTEE

OFFICE OF DAVD G. PEAKE, CHAPTER 13 TRUSTEE

By: /s/ Dinorah Gonzalez with permission by Hector Duran
    Dinorah Gonzalez
    Texas Bar No. 24029580
    9660 Hillcroft Street, Suite 430
    Houston, TX  77057
    (281) 283-5400

COUNSEL FOR DAVID G. PEAKE, CHAPTER 13 TRUSTEE